## FEES TO ATTORNEYS PAYABLE ONLY OUT OF SPECIFIC FUND.

Circuit Court of Cuyahoga County.

CHARLOTTE M. PHILLIPS v. THE TRAVELERS INSURANCE COMPANY OF HARTFORD, CONN., ET AL.

Decided, June 2, 1911.

*Attorney's Fees—Allowed Only for Services in Case in Which Fund Recovered.*

Attorneys fees for services rendered in one case, may not be ordered paid out of funds recovered in another case, or for any services rendered, except in the case in which the fund was recovered.

*J. J. Sullivan,* for plaintiff in error.

*Hoyt, Dustin, Kelley, McKeehan & Andrews, Carr, Stearns & Chamberlain, E. J. Pinney* and *White & Crosser,* contra.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

The question involved in this case arises on an amended answer and cross-petition filed here by W. B. Neff and C. W. Dille, and a demurrer filed thereto.

We fail to see how the facts therein stated entitle these parties to a lien upon the money now in the hands of the court or a decree declaring an equitable assignment of any part of the funds. We find no case in Ohio directly in point.

In *Diehl* v. *Friester,* 37 O. S., 473, the matter is discussed at page 477 and it would appear that cases may arise and do arise where the court orders payment of fees to attorneys out of funds under its control, but in no case, so far as we know, has it been held that the court may order fees to be paid out of funds recovered in one case, for services rendered in another case, or for any services rendered except in the case in which the money was recovered.

There is nothing set up in the pleading of these defendants that seems to require any equitable interference; there seems to be no reason why these parties should not be put to their

remedy at law, allowing Mrs. Phillips to have the verdict of a jury as to what amount she owes them, and from their pleadings it would appear that she clearly owes them something, and from aught that appears, she is able to pay whatever may be adjudged against her in an action brought for such fees.

The discussion of the question of the liens of attorneys found in Chapter 5 of *Jones on Liens,* is instructive, and seems directly against the claim of these defendants.

See also *DeWinter* v. *Thomas,* 27 L. R. A., (N. S.), 634, and notes of cases there cited.

Demurrer sustained.